No. 2428.—HENRY PEYCHAUD, Liquidator, etc., *v.* J. B. HOOD.

Any agreement made between the officers and the stockholders of an insurance company as to the liability of the stockholders on their stock notes can not affect creditors.

A person who has been regularly appointed liquidator of an insurance company, has the legal right to sue for and stand in judgment in cases where the company are seeking to enforce payment of the stock notes held by the company.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J. A. & P. Robert,* for plaintiff and appellee. *Gibson & Austin,* for defendant and appellant.

LUDELING, C. J. This suit is instituted by the liquidator of the Great Southern and Western Life, Accident, Marine and Fire Insurance Company to recover from the defendant nine hundred dollars, being an assessment of twenty per centum on the unpaid portion of his stock note, in order to meet the liabilities of the company. For answer the defendant admits that he subscribed to the stock referred to in plaintiff's petition, but he avers there was a distinct and positive understanding between himself and the president of the company that he was not to be held in any manner liable for the amount of his subscription; that the said president only wanted his influence in the company; and it was agreed that he should not incur liability on the same. He further avers that the note was not to be used and that it has not been legally transferred, and that plaintiff has no right, title or interest in it; and that the note was given without consideration. An amended answer was subsequently filed, alleging that when defendant "became a stockholder in the company of which the plaintiff herein is liquidator, he was in error as to the amendment to said charter, and that said amendment has caused the release of stockholders of the capital stock of said company and caused in a great manner the insolvency of the company." And he further avers that

the amendment was not concurred in by all the stockholders, of which fact he was ignorant at the time he subscribed for the stock, and that "being uninformed and ignorant of the effect of said amendment at the time of his subscription, he subscribed through error," and, therefore, he claims to be released.

The agreement between stockholders and the officers of the company as to the liability of the stockholders on their stock notes, can not affect creditors. Stockholders are liable for contributions on their unpaid stock. 10 R. 440.

The plaintiff is admitted to be the liquidator of the company; as such he had authority to bring this suit. 5 An. 740; 2 R. 573; Cucullu v. The Union Insurance Company.

The amendments of the charter so as to authorize the company to change its name and to take fire and marine risks, seem to have been regularly made, and the new name of the company clearly indicated this change. The defendant became a stockholder long after the charter had been amended. There is no merit in the defense set up.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed, with costs of appeal.